The Honorable the Judges of the United States Court of Appeals for the 4th Circuit. All right, thank you. Mr. Dahle, can you hear me? Yes, I can, Your Honor. Okay, Ms. Whitelock, can you hear me? Yes, I can, Your Honor. All right, we'll proceed with the next case, which is Bracey v. Lancaster Foods, and Mr. Dahle, we'll hear from you first. Thank you, Your Honor. Good afternoon. May it please the Court. Your Honor, this is a case about truck drivers transporting goods in the stream of commerce. I say truck drivers with an S because, as Lancaster Foods will attest, there are many other truck drivers in their employ that are subject to arbitration that should not be. As the courts most recently in the 1st and 6th Circuit have held, including the 9th, truck drivers are exempt from arbitration under the Federal Arbitration Act. The Supreme Court, a new Prime Inc. v. Olivera, also exempts truck drivers who are independent contractors. Mr. Dahle, can I interrupt you? We can get into that argument, but I think there are several important steps that we'd like to hear from you on that precede that. The one that concerns me is what our standard of district court is for considering a Rule 59E motion, where you raised that for the first time. I know the standard of review for decisions from the district court is a de novo standard of review. On the issue of the Rule 59E, I need to show certain elements that, in this case, Mr. Bracey had newly discovered evidence in the case and that he exercised due diligence in trying to obtain the records in regards to his transportation laws and that the evidence is not cumulative and that it is material. And that, in this case, the evidence is such when looking at the transportation laws it should be amended. I hope that answers the court's question. Well, it does, in part, and the question is did you satisfy the district court that this issue about the truck driver's issue, whether that was evidence that you couldn't have discovered earlier? Because the court had already entered a final judgment and had ruled on the case that was presented. And so the way you get back into court is under Rule 59E, and the court didn't seem satisfied that you couldn't have brought this or didn't know about this evidence earlier. You're right. The lower court did not deem that the evidence in here was newly discovered, but it's like I mentioned in my brief, Mr. Bracey is under no obligation to preserve the laws that he did produce at the time of our Rule 60 motion back in 2018. It was sheer luck that Mr. Bracey even actually had this record. He knew the facts. He knew the facts. I mean, he knew whether he drove interstate. He knew whether he was a truck driver. He knew everything. He didn't know the exact date, but he knew that fact from the beginning. So I was actually looking at the complaint. So when Mr. Bracey first came to me, so he came to me after the EEOC had issued him a right to sue. Mr. Bracey was unrepresented at the EEOC. When Mr. Bracey came to me, he did not submit to me any arbitration agreement. And when I drafted the complaint to the court, I looked at it from a strictly FMLA standpoint and whether there were any violations from the Terrible Disabilities Act. And I was looking at my amended complaints again. At that point, all I stated was that Mr. Bracey is a yard jockey. And then I go into his injuries at the employment and the lack of accommodations. It is only when I filed the complaint and I served it on defense counsel. At that point, defense counsel made this argument that he's subject to arbitration because he signed an arbitration agreement and so on. But counsel, could I, could I, I think I understand where you're going with that, that, you know, that you didn't have any reason perhaps to, you know, ask about that issue until the motion to dismiss. And that may or may not be true. But is that really the standard? Isn't the standard for newly discovered evidence not when you might have had a reason to ask your client about it or not, but whether the evidence was actually something that was available before the judgment or not? Isn't that what we're looking at? I think you're kind of looking at a different issue of when he should have told you or any of those sort of things. But I think that the question here is, is this evidence that is new and could not have been previously discovered? Again, it's very difficult for me to put myself in that situation because both to me and to my client, at the time when I drafted the complaint, it was just a non-issue. The effects of his, the details of his employment was certainly not something that we were focused on. Okay. Yeah. Do I continue? So if I may continue? Yes, of course. All right. Okay. Thank you. So going back to Mr. Bracey's case, Mr. Bracey started his employment back in 2008. I'm quoting in here to the Joint Appendix, page 740, paragraph 3, which is the affidavit of Jack Defendant's Director of Transportation. In this affidavit, Mr. Scriber says that Mr. Bracey started his employment as a commercial truck driver. In 2008 up to the present, the Federal Arbitration Act continues to lack subject matter jurisdiction over truck drivers because of the nature of their work. Truck drivers, like USPS mail carriers, deliver goods in the stream of commerce. Like USPS mail carriers, it also does not matter if they are traveling in-state or out-of-state, so long as the goods are received and procured from the stream of commerce. And Lancaster Foods in here is a retailer of produce. Their own corporate webpage, or homepage, says that they receive produce from around the world. Their own corporate webpage says that they have a distribution and processing plant that's 220,000 square feet and that distributes produce in the Mid-Atlantic, and that's on Joint Appendix, page 730. This arbitration agreement, as the Court knows, also shortens the statute of limitations to a year. And as we initially argued to the District Court, that, we believe, is contrary to the multiple avenues of civil rights enforcement. Particularly I'm talking about here with the EEOC, which in this case took about close to 18 months to essentially investigate the claims before they issued a right to sue. So let me, if I could follow up on that, and the EEOC process here took longer than one year, and that probably happens in other places, and I think I understand your argument to be because of that, the one-year statute of limitations is, I guess, unconscionable. Did you, in order to pursue arbitration, do you have to exhaust your EEOC claim? I believe so, because otherwise I would think the defendant would file a motion to dismiss that he did not exhaust his administrative claims. It does not mention that in the arbitration agreement. It does allow certain claims that are exempt from arbitration. One of them is filing an EEOC charge. So I think it implies that, and I'm pretty confident had Mr. Bracey not proceeded to the EEOC, certainly if I was defense counsel, I would have filed a motion to dismiss with the administrative remedies. But I don't know if the arbitration agreement says that expressly. It certainly implies that, and I think that's on the arbitration agreements on JA030. Your argument, I gather, is that because he was a truck driver, he's exempt from coverage of the Federal Arbitration Act. Absolutely. But the Federal Arbitration Act doesn't validate contracts or invalidate them. It provides a procedure for the enforcement of arbitration agreements. What's the consequence if you're not under the Arbitration Act and you have a contract to arbitrate? I believe, well, if you're not at that point, so the Federal Arbitration Act excludes certain categories of workers, those workers that are- I understand that, and it exempts certain persons from its coverage. Absolutely. Okay, but there's nothing affirmative that says any agreement is invalid if it's not if your client is exempt from the Arbitration Act, which gives certain rights to the enforcement of arbitration agreements. What is the consequence, the legal consequence? I believe the legal consequence at that point is that he should be able to proceed with his claims. Proceed what? I believe at that point he should be able to proceed with his claims in court. Why? He signed a contract for arbitration. What's the status of that contract? Well, I believe the status of that contract- Without the FAA. In other words, you have an arbitration agreement that's not covered by the FAA. Is that enforceable in a court of law? So if there's an arbitration agreement that is, so if I understand the question correctly, there's a class of workers that is not covered by the FAA. I guess we're talking about perhaps management officials or non-transportation workers. Absolutely, at that point the employee would be subject to arbitration, but that's not the scenario here. No, you're not quite answering my question. My question is, if you do not have the benefit of the Arbitration Act, but there is still the arbitration agreement, what is the status of the arbitration agreement that's not covered by the FAA? I don't know the answer to that question, to be honest. Well, I don't either. That's what I was asking you for. Yeah, I really don't because I think that, yeah, I really don't know the answer to that question. I guess I'll continue. Anything further? Not at this time. I see my time is almost up. Okay, you have still have some rebuttal. Yes. Yeah. All right, Ms. Whitlock. Thank you. May it please the court. Oh, sorry. It seemed like my video froze for a second. May it please the court, Julia Whitlock on behalf of the former employer Lancaster Foods LLC. Okay. There are two orders at issue here. The first is the order granting Lancaster's motion to dismiss, and the second is the order denying Mr. Bracey's post-judgment motion to reconsider. I'll address the first one. The court's order granting Lancaster's motion to dismiss should be affirmed because Mr. Bracey has not met his burden of establishing that a one-year limitations period is substantively unconscionable based on the two theories that he asserts. First, that the EEOC would be deprived of its concurrent function, and second, that he can't bring a continuing violation claim. With regard to the EEOC, the EEOC's administrative duties don't provide a direct relief to an employee. Instead, the EEOC's role is to provide an administrative investigative function and to the employer. In order to obtain direct relief, either the EEOC must determine that there is plausible cause and proceed with a lawsuit in the district court, or the charging employee must receive his notice of right to sue from the EEOC and then proceed either to arbitration, if there's an arbitration agreement, or to court. And with regard to the notice of right to sue, in this case, of course, Mr. Bracey experienced a long period between when he filed his charge, which was five months after he was terminated, and the date that the EEOC issued its notice of right to sue. However, under the statute, the EEOC only retains exclusive jurisdiction for 180 days. That means on the 181st day, Mr. Bracey could have asked the EEOC to stop investigation and issue a notice of right to sue. That's well within one year. Further, Ms. Whitelock, may I ask, so you seem to be suggesting that pursuing his remedies with the EEOC would have been a precondition to his right to arbitrate? Is that your position? No, it's not our, it's not our position. And in response to Judge Cuddlebaum's question, the arbitration agreement is silent as to whether the employee must exhaust its administrative remedies. EEOC's charges are exempt from the definition of employee-related claims. So I'm not sure what the answer is there, but if we take the facts that are actually before the court, Mr. Bracey filed his charge within five months, and so 180 days later than that would have been within one year. And in fact, the only case that Mr. Bracey cites that is relative to an EEOC charge is the Logan v. MGM case in the Sixth Circuit. And that case involved slightly different facts because MGM's arbitration agreement had a six-month limitations period and did not include an arbitration provision. And the Sixth Circuit in that case said that in pointing to its decision in Morrison v. Circuit City that a one-year limitations period that included an arbitration agreement is not unreasonable and is enforceable. So in fact, the case that Mr. Bracey cites supports our position that a one-year limitations period is not substantively unconscionable, it is enforceable. Further, Mr. Bracey only asserts that his ADA claim requires EEOC administrative investigation, so his other claims would not even be subject to this argument. There is no basis that Mr. Bracey presents to extend the case law related to FLSA claims to the claims that were actually brought in this case. With regard to a continuing violation claim, Mr. Bracey has not asserted a continuing violation. His claims arise under the FMLA, the ADA, Maryland FEPA, and a breach of contract. And in support of those claims, Mr. Bracey alleged only discrete acts. On June 23, 2017, Lancaster informed Mr. Bracey that he had to return to work full duty based on its independent medical examination report and not Mr. Bracey's private doctor's recommendation to return on light duty. That's a discrete act. The second act is that on July 7, 2017, when Mr. Bracey had not returned to work full duty, that Lancaster Foods deemed him resigned. A failure to accommodate and termination are both discrete acts, and whether they're related or not does not recharacterize a discrete act to become a continuing violation, though neither of these arguments are availing. Ms. Whitelock, can I ask another question? Your colleague on the other side, I think, seems to be suggesting with respect to this issue of arbitration that you and your client, your client, I guess, the employer, was in a better position to alert Mr. Bracey that he had signed this arbitration agreement, I guess, way back when he was first hired, which I think was back in 2008, so we're talking about eight, nine years ago, and I can see how someone might well forget that he or she had signed an arbitration agreement eight, nine plus years ago. Do you think your client had any legal obligation at some point to alert Mr. Bracey to the fact that he had to arbitrate before the expiration of the one-year statute? I've never heard of any case or researched any case law that suggests that an employer has an obligation to remind its employee of any contractual obligations that they agreed to. So, no, I don't think that Lancaster had a duty to remind the employee of the arbitration agreement, and as far as that relates to whether Mr. Bracey remembered where he drove and what he drove in order to assert his argument that he's covered by the Section 1 exemption to the FAA, the procedural history of this case is that Mr. Bracey filed an original complaint in the district court. We filed a motion to dismiss, asserting that there was an arbitration clause. There was a say of the case due to, I think, obtaining the EEOC file, and then Mr. Bracey... Ms. Whitelock, if I could interrupt you, I appreciate you recounting that, and... But I want to... I've read through that, and I want to ask a little more specific question. I realize the way we did our supplemental briefing with simultaneous filings doesn't necessarily give you the opportunity to reply as they normally do. You didn't address the issue of whether the requirements of notice of appeal for a post-trial... A motion to reconsider are claims processing type rules or jurisdictional rules. Could you... Are you prepared to give your response to that argument? Yes, I am, and thank you. That was the next thing that I wanted to order, and it is a jurisdictional issue. It's not a rule issue. 28 U.S.C. 2107A requires that notices of appeal must be filed within 30 days after entry of judgment. The appellate rule 4A.4.b.2 just is a reflection of that requirement. Here, Mr. Bracey did not follow that requirement. He filed his post-judgment motion on 27 days after entry of the order granting motion to dismiss, and the day after filed a notice of appeal, noticing only an appeal of the order granting the motion to dismiss. We found no case law that under those... That procedural history that a functional equivalent analysis was applicable, except for the Muncie case, which has kind of a weird procedure where it seems that the district court noticed the appeal on behalf of the per se plaintiff, but... Those are different issues. One issue is whether the docketing statement is the functional equivalent. The other issue is whether the requirements themselves are that you referred to 2107A. Is there something... Is your answer that merely because it's statutory, it's jurisdictional, or is your answer that the nature of that statute makes it jurisdictional by its language? I just want to make sure I understand that. The fact that it is in a statute as opposed to merely a court rule makes it jurisdictional. I believe that the Fourth Circuit's analysis of this issue in the cases that we cite, and also the Tenth Circuit case, which was entered after the Supreme Court case that Mr. Bracey cites, also indicate that it is a followed the requirements set by the statute and the court rules. Therefore, this court lacks jurisdiction to determine or to address issues two and three, which encompass the Section 1 exemption to the FAA. Does that answer your question? Thank you. Okay, thank you. Further, if the court determines that it does, in fact, have jurisdiction, the district courts ruling denying Mr. Bracey's post-judgment motion should not be reversed because there is no abuse of discretion. As is already made clear from Mr. Bracey's opening remarks and the judge's evidence, Mr. Bracey was in possession of his memory the entire time. And as I began to state, Mr. Bracey's attention was drawn to the arbitration agreement before the amended complaint. The amended complaint identifies that he doesn't remember the arbitration agreement, but again, he does not make any allegations that while he was a yard jockey, he drove interstate and the timing of his injury and the job he held at that time is important because under this court, under the Fourth Circuit law, under O'Neill and Adkins, the Section 1 exemption has to be narrowly read. It only applies to workers actually engaged in interstate transportation of goods. And the Adkins court said that the notion that a single assignment rather than a majority or plurality of assignments stretches Section 1 to the breaking point. If an arbitration agreement, which by its nature are form agreements, are deemed void just by the fact that one employee or a class of employees may end up being an interstate truck driver transporting goods, it is illogical to make it void as to everybody. Obviously, Lancaster Foods has, you know, HR, accounting, other job functions. The agreement cannot be void as to them under... Why are you saying void? What argument makes it void? Any kind of argument? I mean, the FAA does not void agreements. Correct. And that's... The FAA facilitates the enforcement of arbitration agreements. My question earlier was intended to focus on that is if you're not under the FAA, what is the status of an agreement to arbitrate? But I don't think there's any law that says because it's not covered by the FAA, it's void. And we agree with that. The reason I raise it is because that is Mr. Bracey's position. And in response to your question... I think he's at least acknowledged in his argument that it doesn't make it void, and he doesn't know the status of the contract that is not covered by the FAA. Okay. So in response to that question, if there's an arbitration agreement and the FAA does not apply, there still exists an arbitration agreement. And the analysis is whether arbitration should be compelled under state law. And in this case, it would be Maryland state law. The court did not... The district court did not get to that part of an analysis because at the time of the motion to dismiss ruling, no argument that there was an exemption existed. So I don't know how the district court would end up on that. But the arbitration agreement could still be in place. All right. Thank you, Ms. Whitelock. Mr. Dali, you have some rebuttal. Could you unmute your... I can't hear you. Yes. All right. Okay. There we go. Okay. Yeah, I do apologize for that. A couple of things. Ms. Whitelock mentioned that Mr. Bracey could have proceeded to arbitration directly. There is nothing in the arbitration agreement that says that. I think it's a bit disingenuous of the employer in here to say that Mr. Bracey could have gone to the arbitrator immediately without filing an EEOC claim when any Compton attorney who practices employment law, certainly I myself and defense counsel, the first thing I would do had that occurred, I would have filed a motion to dismiss saying that Mr. Bracey failed to exhaust his administrative remedies. And I think it would behoove the arbitrator to not grant that motion to dismiss because Mr. Bracey did not exhaust the administrative remedies. So again, I think it's extremely ingenuous of them to say that the one-year statute of limitations is not restrictive because Bracey could have gone to the arbitrator under the FMLA, one for interference and one for retaliation. But the bulk of his allegations is under Title VII. He's got three counts, six counts, if you include the state law claims that do require him to exhaust his administrative remedies. And all of them are for violations of the Disability Act and the Maryland equivalent, the Maryland Employment Fair Practices Act. On the issue of the continuing violations, Ms. Whitlock is right. There is no, presently, because I haven't got discovery yet. Mr. Bracey in the complaint has not alleged any continuing violations, but it is certainly foreseeable. Once I were to obtain discovery, I were to just depose his supervisors, there might be a continuing violation theory. And with the one-year limitation, that prevents him from bringing any kind of continuing violations claim. Not to mention that were there to be a Section 81 claim, which has a four-year statute of limitations, the one-year statute of limitations restricts him severely since he won't be able to bring claims back from 2011. Again, I don't have those facts with me, but discovery could certainly prove that. On the issue, I think, of Ms. Whitlock admitting that the employer has no obligation to inform an employee 10 years after he has signed an arbitration agreement that, hey, incidentally, you've signed an arbitration agreement. I think that goes to the heart of this case. Judge Niemeyer, it looks like Ms. Whitlock dropped from the call. Let me try to add her back. We'll stop the time and pause argument. Thank you. Yes. Yes. Unfortunately, my office internet has dropped, so I'll need to participate in the last bit by telephone, if that's okay. And I sincerely apologize for the interruption. That's fine. We'll keep you on. If you can't hear us, yell so we know we can't hear you. Stay on. Okay. Mr. Daly, you can continue. I was talking about Judge Diaz's question about whether the employer has any obligation to notify an employee years or decades later as to this employee has signed an arbitration agreement. Now, under the law, the employer has numerous obligations to post notices, right? They have a workplace that reminds the employees, what is the minimum wage? What is the safety standard of the workplace? And I think this is one area of the law where the employees take advantage of mostly not very complex employees, making them sign documents from years or decades before, and do not post any kind of posters or notifications or time determination, inform them, hey, incidentally, 10 years ago, you signed an arbitration agreement. The difficulty in this case, though, is that when the suit was filed, you filed suit, the arbitration agreement was advanced and was made part of the proceedings. So now you're aware of the arbitration agreement. And at that point, you still didn't raise the point that you're making that the arbitration agreement was not applicable to him. In other words, you had a opportunity to present it to Judge Bennett and did not do so. So I believe, you know, at that point, I raised the argument that the arbitration agreement was void because of statute of limitations. I did not raise the exemption issue in regards to transportation workers. The court is correct on that. But I also believe that when in this case, a federal claim is properly presented before the court, I can raise any new arguments in furtherance of my claim. So in the first instance, I raised the argument that the arbitration agreement should be void because of shortening of the statute of limitations. And at a later stage, I raised the similar argument that the arbitration agreement is still void, this time on the grounds that because Mr. Bracey's transportation worker, I believe what the Fourth Circuit and the Supreme Court allows parties to raise new arguments in support of claims that had already been properly raised before the court. And so in that regards, I believe the arbitration agreement is probably void. Mr. Daly, I just want to make sure I'm understanding you on that point. I thought that if we're talking about a motion to reconsider after a judgment's entered, we're not looking at your FAA exemption argument with a clean slate. I thought we're looking at looking at it through the lens of a Rule 53e motion. If you have with a clean slate, I'd appreciate you giving us that authority. I do not have that authority with me now. Okay. Yeah. All righty. In regards to I think what the issue that Judge Neymar raised in regards to the arbitration issues, even probably before the court, I'm talking about cases from the circuit that our docketing statement can serve as a functioning equivalent when here it was filed within 30 days of the denial of the motion for reconsideration. If you look at my docketing statement under the statement of facts and statement of issues, raises exactly the issues that this court is considering, whether Mr. Bracey is subject to arbitration and to whether Lancaster Foods engaged in any misconduct. So I believe... Yeah. Yeah. And finally, I just want to say I thought I heard some argument from Ms. Whitlock about how Mr. Bracey's work might have only occasionally resulted in him traveling out of state. As if the court looks at the affidavit of Jack Scriber, the Director of Transportation, that's on JA 740 to 745. It says that he was an interstate transportation worker from 2008 to 2011. And as I mentioned in my brief, that's about 1100 days of engaging in work that puts the goods in the stream of commerce. So that alone should exempt him from arbitration. Not to mention, as I stated, the decisions from the Ninth Circuit and the First Amendment and Amazon drivers, it makes no difference whether Mr. Bracey drove out of the state or not. The only test is whether other goods are received from interstate commerce. And insofar as they are receiving produce from around the world and are distributing it both within Maryland and outside of Maryland, the goods are certainly within the stream of commerce. Okay. I think that's going to have to be it. I thank you for your arguments. I also want to indicate that at this point, we usually come down and shake the hands of counsel. In this case, we have you, Mr. Dahle, right there. We can virtually shake your hand almost. We extend our greetings to you. Mrs. Whitlock, she just sort of disappeared on us and pulled her hand back. We do greet you and thank you for your arguments. All right, let's take a short recess. Thank you, counsel, and we'll be back to you. This honorable court will take a brief recess.
judges: Paul V. Niemeyer, Albert Diaz, A. Marvin Quattlebaum Jr.